UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| COLIN SHUMATE, | ) |
|         Plaintiff, | ) |
|     v. | ) No. 2:20-cv-00383-JRS-DLP |
| KODI RIFFLE, | ) |
|         Defendant. | ) |

**Order Discussing Motion for Summary Judgment and Directing Further Proceedings**

Plaintiff Colin Shumate brought this lawsuit pursuant to 42 U.S.C. § 1983 alleging that, when he was confined by the Indiana Department of Correction ("IDOC") at Putnamville Correctional Facility, defendant Kodi Riffle punched him in the chest. Mr. Riffle has raised the affirmative defense that Mr. Shumate failed to exhaust his available administrative remedies before filing this lawsuit as required by the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). For the following reasons, the Court notifies Mr. Shumate of its intent to grant summary judgment in the defendant's favor.

**I. Summary Judgment Standard**

A motion for summary judgment asks the Court to find that there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B).

The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018).

## II. Facts

The IDOC maintains a grievance process intended to provide administrative means by which inmates may resolve concerns and complaints related to the conditions of their confinement. Dkt. 31-1 ¶ 6. The grievance procedures at the Putnamville Correctional Facility are explained in Admission & Orientation (A & O) paperwork provided to inmates upon their arrival. *Id.*

The grievance process first requires an attempt to resolve a complaint informally. *Id.* ¶ 8. If the informal attempt to resolve the issue is unsuccessful, the inmate must file a Level 1 Grievance. *Id.* If the inmate is unsatisfied with the response to his Level 1 Grievance, he must appeal the facility's decision by submitting a Level 1 Grievance Appeal to the Warden. *Id.* Finally, once the Warden responds to the Level 1 Grievance Appeal, the inmate may file a Level 2 Offender Grievance Appeal to the Department Offender Grievance Manager if the finding was insufficient. *Id.*

Mr. Shumate filed a Level 1 Grievance regarding his claims on December 16, 2019, and received a response on January 9, 2020. The response stated:

> I have reviewed your grievance concerns.
> I can assure you that this facility as well as the Department is striving to maintain a professional atmosphere and staff members are expected to conduct themselves in an appropriate manner.
> This issue has been investigated.
> As is established through policy, this administration is responsible for staff discipline should misconduct be proven. If any staff misconduct is found to be valid, it will be dealt with accordingly.
> It is not the practice of the facility administration to inform the offender of what, if any disciplinary sanctions were placed against staff.

>Grievance resolved.

Dkt. 31-2 p. 3. Mr. Shumate did not file either a Level 1 Grievance Appeal or a Level 2 Offender Grievance appeal. Dkt. 31-1 ¶ 13.

### III. Discussion

The defendant seeks summary judgment arguing that that Mr. Shumate failed to exhaust his available administrative remedies before filing this lawsuit as required by the PLRA because he did not appeal the response to his Level 1 Grievance.

#### A. PLRA Requirements

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) ("'To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

While a prisoner "must exhaust available remedies," he "need not exhaust unavailable ones." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). An administrative procedure is unavailable when 1) the process operates as a "simple dead end," 2) when it is so opaque that it is incapable of use, and 3) when "prison administrators thwart inmates from taking advantage of a grievance

process through machination, misrepresentation, or intimidation." *Id.* at 1859-60. It is the defendants' burden to establish that the administrative process was available. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

### B. Discussion

The defendant has met his burden to show that Mr. Shumate failed to exhaust his available administrative remedies before filing this lawsuit. The defendant has established that that Mr. Shumate did not appeal the response to his Level 1 Grievance as required by the grievance process. Having failed to respond to the motion for summary judgment, Mr. Shumate has failed to dispute this or show that he could not have appealed. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission"); *Brasic v. Heinemanns, Inc.*, 121 F.3d 281, 285-286 (7th Cir. 1997) (affirming grant of summary judgment where the nonmovant failed to properly offer evidence disputing the movant's version of the facts).

### IV. Conclusion and Further Proceedings

Based on the foregoing, the Court notifies Mr. Shumate of its intent to grant summary judgment in favor of Mr. Riffle. Mr. Shumate shall have **through May 7, 2021**, to show cause why the Court should not do so. Failure to respond will result in the dismissal of this action for failure to exhaust.

**IT IS SO ORDERED.**

Date: 4/9/2021

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

4

Distribution:

COLIN SHUMATE
5211 Plum Dr.
Apt. H
Indianapolis, IN 46221

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com